UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST L. COX, CDC #C-52583,<br><br>       Plaintiff,<br>v.<br><br>E.S. CAMPOS; JULIE ANN YOUNG; B.C. RIES; ROBERT B. BENTLEY,<br><br>       Defendants. | Case No. 06cv1523-MMA (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY AND FOR APPOINTMENT OF COUNSEL AND SETTING NEW BRIEFING SCHEDULE FOR MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF Nos. 62 & 66] |

On September 22, 2010, the Court conducted a telephonic Discovery Conference with Plaintiff and counsel for Defendants. See ECF No. 68. During the conference call, the Court addressed issues pertaining to Plaintiff's outstanding discovery motions (ECF Nos. 62 & 66) as well as scheduling aspects of Defendants' pending Motion for Summary Judgment (ECF No. 60). For the reasons explained below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel and Motion to Compel Discovery (ECF No. 62) and **DENIES** Plaintiff's Motion for Extension of Time and Motion to Appoint Counsel (ECF No. 66).

## DISCUSSION

**A. Plaintiff's Motion to Appoint Counsel and Motion to Compel Discovery**

On August 16, 2010, Plaintiff filed a Request for a Hearing to File the Accompanying Motion for the Appointment of Counsel and Motion to Compel Discovery. ECF No. 62. The Court

accepted the filing and set a briefing schedule. ECF No. 63. In this motion, Plaintiff explains that he served Defendants with his Second Request for Production of Documents on June 28, 2010 and Defendants improperly objected to his Requests. ECF No. 62-1 at 2. Plaintiff therefore argues that, "without the appointment of counsel, he is unable to obtain the desired information through the discovery process." Id. at 3-4. In their Opposition to Plaintiff's Motion, Defendants assert that Plaintiff's Second Request for Production of Documents was untimely and that Plaintiff's Motion to Compel seeks production of documents that do not exist. ECF No. 64 at 1. In his Reply, Plaintiff argues that due to Defendants' failure to provide discovery, he "will have no information, documents, or witnesses available for the opposition to Defendants' Summary Judgment Motion, or for trial." ECF No. 70 at 3.

In response to questioning during the telephonic Discovery Conference, Plaintiff acknowledged that he had could have asked for the documents requested in the Second Request for Production of Documents prior to the May 21, 2010 discovery cutoff, but he explained that he did not realize he would need to do so until this Court issued its June 9, 2010 Order Granting in Part and Denying in Part his Motion to Compel (ECF No. 54). The Court finds that Plaintiff's explanation does not excuse his untimeliness because the information he seeks in his Second Request for Production of Documents was within his knowledge during the discovery period. Plaintiff could have, and should have, requested the documents earlier. Accordingly, the Court finds Plaintiff's Second Request for Production of Documents untimely and therefore **DENIES** his motion to compel.

However, in an abundance of caution and due to the pending motion for summary judgment, the Court addressed the substance of Plaintiff's motion to compel discovery. In his Second Request for Production of Documents, Plaintiff seeks: (1) names and CDCR numbers for several inmates; (2) the name and business address of the internal affairs investigator or examiner; and (3) the records or substance of each inmate witness' testimony during Young's Skelly hearing. ECF No. 62-1 at 9. During the Discovery Conference, Plaintiff acknowledged that he had the name and CDCR number for every listed witness except Robert Ball and "Watson." See also ECF No. 66 at 4. Plaintiff was unable to explain the specific information that "Watson"

would provide and voluntarily withdrew his request for identifying information about "Watson." See also ECF No. 66 at 4-6. The Court granted Plaintiff's request for Robert Ball's CDCR number.[1] With regard to the second request, the Court found that the name and address of the internal affairs investigator who investigated Young is irrelevant. However, any information that relates to Plaintiff's remaining retaliation claims that was discovered by the investigator during his or her investigation of Young would be relevant. The Court previously ordered Defendants to produce any and all information relating to Plaintiff's remaining retaliation claims, including information that was discovered during the investigation of Young. See ECF No. 54 at 18-20. Accordingly, the Court denied Plaintiff's second request as irrelevant. The Court denied Plaintiff's third request as moot because the Court granted the substance of this request in its last order. Id.

In this motion, Plaintiff also, again, requests appointment of counsel, explaining that an attorney would be able to obtain the requested discovery, as well as additional discovery, much more effectively and efficiently than Plaintiff can. ECF No. 62-1 at 3-4. While this undoubtedly is true, it does not justify a request for the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.") The Court **DENIES** Plaintiff's Motion to Appoint Counsel because Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved is sufficient to justify requesting counsel. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

**B. Plaintiff's Motion for Extension of Time and Motion to Appoint Counsel**

On September 1, 2010, Plaintiff filed a Request for Extension of Time, and Request for the Appointment of Counsel to Obtain Discovery for the Opposition to Defendants' Motion for Summary Judgment. ECF No. 66. In this motion, Plaintiff reiterates that Defendants have not provided him with the information he requested in his Second Request for Production of Documents and requests appointment of counsel to help him obtain the discovery necessary to oppose Defendants' motion for summary judgment. Id. Plaintiff also requests additional time to

---

[1] Defendants provided this information to Plaintiff on September 24, 2010. ECF No. 71.

file his opposition to the motion for summary judgment. Id.

In this latest motion for appointment of counsel, Plaintiff again fails to demonstrate the requisite exceptional circumstances. Rather, Plaintiff merely explains that he needs an attorney to interview witnesses, obtain statements, and locate Julie Ann Young.[2] Id. While an attorney certainly would be helpful to Plaintiff, there is no constitutional right to counsel in a civil case and federal courts do not have the authority to make coercive appointments of counsel. Mallard v. United States District Court, 490 U.S. 296, 310 (1989); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Before a court can even consider requesting representation for a prisoner plaintiff, the plaintiff must establish the requisite "exceptional circumstances" by demonstrating a likelihood of success on the merits and the inability to articulate his claims in light of the complexity of the legal issues. Agyeman, 390 F.3d at 1103. Plaintiff has not satisfied either prong of this test and the Court again **DENIES** Plaintiff's request for counsel.

In this motion, Plaintiff also asks that the hearing date on the motion for summary judgment be continued to permit him to obtain additional discovery. As discussed in this order, Plaintiff's motion to compel is denied (except for the CDCR number for Robert Ball, which Defendants have provided) and the discovery deadline has passed. Thus, Plaintiff is not waiting for any additional discovery and there is no need to delay the hearing. However, Judge Anello vacated the summary judgment hearing pending resolution of the instant discovery motions. See 9/15/10 Minute Order. Because there is no pending hearing date, the Court **DENIES AS MOOT** Plaintiff's request to continue the hearing date.

///
///
///

---

[2] During the Discovery Conference, Plaintiff acknowledged that he did not have the financial resources to depose witnesses, to locate Ms. Young, or to conduct other expensive discovery. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (explaining that the *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive payment of expenses or fees for witnesses). Because Plaintiff indicated that he may want to call inmate witnesses to testify at trial, the Court verified that Plaintiff had the name and required CDCR number of all such inmate witnesses. In addition, defense counsel outlined for Plaintiff the procedure that Plaintiff must follow to get inmate witnesses to appear at trial. Plaintiff was advised that it was his responsibility to determine the correct procedure to obtain the presence of each witness at trial and to comply with that procedure.

Now that discovery is closed, Plaintiff's motions to compel discovery have been resolved, and all outstanding discovery has been provided to Plaintiff, the Court resets the briefing schedule for Defendants' Motion for Summary Judgment. Plaintiff must file his opposition to Defendants' Motion for Summary Judgment on or before **October 27, 2010**. Defendants must file their reply on or before **November 10, 2010**.

**IT IS SO ORDERED.**

DATED: September 28, 2010

BARBARA L. MAJOR
United States Magistrate Judge