1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  ERNEST L. COX,                              CASE NO. 06CV1523-MMA (BLM)

12                            Plaintiff,        **ORDER GRANTING DEFENDANTS'**
                                                **MOTION FOR SUMMARY**
13          vs.                                 **JUDGMENT**

14  E.S. CAMPOS, et al.,                        [Doc. No. 60]

15                          Defendants.

16          Plaintiff Ernest L. Cox is a California state prisoner proceeding *pro se* with a civil rights

17  action under 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Campos, Ries, and Bentley

18  retaliated against him for a sexual misconduct complaint he filed against a fellow correctional

19  officer.  Defendants  move for summary judgment as to all remaining claims [Doc. No. 60].

20  Plaintiff filed an opposition to the motion, to which Defendants replied [Doc. Nos. 74 & 77].  For

21  the following reasons, the Court **GRANTS** Defendants' motion.

22                                  <u>BACKGROUND</u>

23          This matter arises out of events occurring at Calipatria State Prison in 2003 and 2004.  The

24  following material facts are derived from the First Amended Complaint and the parties' summary

25  judgment papers, and are interpreted in the light most favorable to Plaintiff.[1]

26  _____

27          [1] Defendants' Separate Statement of Undisputed Facts in Support of their motion for summary
    judgment cites repeatedly to Plaintiff's First Amended Complaint [Doc. No. 24], which is verified and
    therefore "may be treated as an affidavit to oppose summary judgment to the extent it is based on
28  personal knowledge and sets forth specific facts admissible in evidence."  *Keenan v. Hall*, 83 F.3d
    1083, 1090 n. 1 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (internal quotation marks

1    During the relevant time period, Plaintiff was assigned as a cook in the Satellite Dining
2    Room at Calipatria State Prison, Delta Facility.  His immediate supervisor was Officer Julie Ann
3    Young.  Based on his belief that Officer Young was engaged in a sexual relationship with another
4    inmate, Plaintiff filed a sexual misconduct complaint against Young with Defendant Ries, a
5    Lieutenant at Calipatria.  Plaintiff named several other inmates as witnesses to the sexual
6    relationship.  Plaintiff alleges that he informed only Defendant Ries of Young's sexual
7    misconduct, and he expected his complaint to remain confidential.  Thereafter, Plaintiff alleges
8    that Young approached him regarding the sexual complaint he initiated against her, and told him
9    that "payback is a bitch."  Plaintiff maintains that the only individual who could have advised
10   Young regarding the complaint is Defendant Ries, and that Ries violated his confidentiality.

11   On occasion, Defendant Campos also supervised Plaintiff while performing his dining
12   room duties.  In January 2004, Plaintiff was working as a culinary critical worker assisting with
13   the delivery of meals to the housing units during a prison lock down under the supervision of
14   Defendant Campos.  While working, another correctional officer observed Plaintiff open a tray slot
15   on an inmate's cell door and take an unidentified object through the tray slot.  Plaintiff was
16   searched by officers, including Defendant Campos, who found a brown paper bag on the cart
17   pushed by Plaintiff.  Defendant Campos searched the bag and found an altered cassette player that
18   did not belong to Plaintiff.  Based on this conduct, Defendant Campos issued a CDC 115 Rules
19   Violation Report against Plaintiff for performing his work assignment in an unsafe manner, to wit,
20   smuggling contraband for other inmates.  Plaintiff alleges that Defendant Campos issued the CDC
21   115 Rules Violation Report in retaliation for Plaintiff filing the sexual misconduct complaint
22   against Officer Young.

23   Subsequent to a hearing regarding the tray slot incident, the Unit Classification Committee
24   found Plaintiff guilty of performing his work assignment in an unsafe manner and removed
25   Plaintiff from his assignment in the dining room.  However, the committee allowed Plaintiff to
26   retain his worker status, and placed Plaintiff on a waiting list for an alternate assignment.
27   Defendant Campos was not a member of the committee.  Plaintiff appealed the committee's
28   _____
     and citation omitted).

06CV1523

findings.  The appeal was granted in part and the CDC 115 Rules Violation Report was reduced to a CDC 128-A Counseling Chrono.

**DISCUSSION**

*1.     Summary Judgment*

Summary judgment will be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those positions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325.  If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

The Ninth Circuit has expressly stated that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."  *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988).  A plaintiff cannot rest upon the allegations in his complaint, but must establish each element of his claim with "significant probative evidence tending to support the complaint."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1980).  Genuine issues of material fact are not raised by conclusory or speculative allegations, and the purpose of summary judgment is not to replace conclusory allegations in pleading form with conclusory allegations in an affidavit.  *Anderson*, 477 U.S. at 249.  The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

- 3 -

574, 586 (1986).  "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive."  *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).

   2.   *Analysis*

   Plaintiff claims that the misconduct report for the tray slot incident by Defendant Campos, the confiscation of one of his CDC 602 appeals by Defendant Bentley, and the breach of confidentiality regarding his submission of the sexual misconduct complaint by Defendant Ries were all actions motivated by Defendants' intent to retaliate against Plaintiff for filing the complaint against Officer Young.

   The Ninth Circuit consistently has held that prison staff may not retaliate against inmates for exercising their constitutional rights to file lawsuits and grievances.  *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1983); *Barnett v. Centoni*, 31 F.3d 813 (9th cir. 1994); *Pratt v. Rowland*, 65 F.3d 802 (9th Cir. 1995); *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005).  In order to establish a retaliation claim, an inmate must show that: 1) a state actor took some adverse action against the inmate; 2) because the inmate engaged in constitutionally protected conduct; 3) the adverse action chilled the inmate's exercise of First Amendment rights; and, 4) the adverse action did not reasonably advance a legitimate correctional goal.  *Rhodes*, 408 F.3d at 567-68.

   In order to withstand summary judgment, Plaintiff must submit evidence linking the alleged retaliation and the exercise of his First Amendment rights.  *Pratt*, 65 F.3d at 807.  Plaintiff must show that the exercise of his First Amendment rights was the substantial or motivating factor behind Defendants' conduct.  *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff must raise a genuine issue of material fact as to retaliatory motive.  The Ninth Circuit has explained that "in addition to evidence that the defendant knew of the protected speech, at least (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision, (2) evidence that the defendant expressed opposition to the speech or (3) evidence that the defendant's proffered reason for the adverse action was false or pre-textual" must be produced. *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 771 n.21 (9th Cir. 2006).

1    Additionally, as an incarcerated individual, Plaintiff's First Amendment rights are limited

2    in the prison setting, such that his retaliation claims are only viable upon a finding that

3    Defendants' allegedly retaliatory actions were not tailored narrowly enough to achieve legitimate

4    goals of the correctional institution.  *Pratt*, 65 F.3d at 806.  It is incumbent upon the Court to

5    "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered

6    legitimate penological reasons for conduct alleged to be retaliatory."  *Pratt*, 65 F.3d at 807

7    (quoting *Sandin v. Conner*, 515 U.S. 472, 482-483 (1995)).

8    As discussed below, Plaintiff's retaliation claims do not withstand summary judgment.  He

9    has not presented evidence that his constitutionally protected actions were a substantial or a

10   motivating factor in Defendant Campos' decision to report the tray slot incident.  Plaintiff offers

11   no evidence to refute that Defendant Campos' actions were taken for the legitimate penological

12   reasons of enforcing the prison regulations that Plaintiff violated by performing his work

13   assignment in a dangerous manner to facilitate the transfer of contraband throughout the prison.

14   Similarly, Plaintiff's confidentiality retaliation claim against Defendant Ries also fails to

15   survive summary judgment.  Plaintiff simply makes the conclusory allegation Defendant Ries

16   acted in retaliation by informing other officers regarding Plaintiff's submission of the sexual

17   misconduct complaint against Officer Young.  Plaintiff offers no admissible evidence to refute that

18   Defendant Ries' actions were taken for the legitimate penological purpose of following up on

19   Plaintiff's complaint and investigating his allegations against Officer Young to the extent required

20   by prison regulations.  *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) ("To state a claim

21   of retaliation an inmate must allege the violation of a specific constitutional right and be prepared

22   to establish that but for the retaliatory motive the complained of incident…would not have

23   occurred."), relied on in *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).

24   Finally, Plaintiff offers no admissible evidence to support his allegation that Defendant

25   Bentley confiscated one of his inmate grievances.

26        a)      Defendant Campos[2]

27   _____

28   [2] The Court notes that it previously determined that Plaintiff failed to properly exhaust his administrative remedies for his tennis shoe/work boot "disability" retaliation claim against Defendant Campos, and that claim was dismissed with prejudice. (*See Court's November 17, 2009 Order*, Doc.

- 5 -                                              06CV1523

1    After prison officials observed Plaintiff using a cell door tray slot to receive contraband
2    from an inmate while under the supervision of Defendant Campos, Campos filed a CDC 115 Rules
3    Violation Report citing Plaintiff for performing his work assignment in an unsafe manner.  (*See*
4    *Plaintiff's Ex. C*.)  Plaintiff maintains that Defendant Campos issued the CDC 115 Rules Violation
5    Report in retaliation for Plaintiff filing the sexual misconduct complaint against Officer Young.
6    However, he offers no competent summary judgment evidence  to raise a genuine issue of material
7    fact as to Defendant Campos' motive.  A substantial amount of time passed between the two
8    events.  Plaintiff submitted the sexual misconduct complaint against Officer Young on or about
9    February 19, 2003.  Defendant Campos issued the CDC 115 report almost an entire year later, on
10    or about January 17, 2004.  Thus, the timing of events does not support an inference of retaliation
11    against Plaintiff for protected activity.

12    In addition, the summary judgment evidence demonstrates Defendant Campos' actions
13    reasonably advanced a legitimate correctional goal.  Plaintiff admits in his operative pleading that
14    he engaged in the trafficking of inmates' appliances, using his access to the tray slots in order to
15    pass appliances between cells.  Based on this conduct, Defendant Campos filed the CDC 115
16    Rules Violation Report against Plaintiff charging him with violation of the prison's regulation
17    against performing a work assignment in an unsafe manner, not simply for opening a tray slot as
18    Plaintiff argues.  A separate committee of prison officials reviewed the violation report, concluded
19    that Plaintiff's conduct constituted a safety risk and thus a violation of prison regulations, and
20    removed him from the work assignment.  Defendants have submitted multiple declarations from
21    correctional officers in support of the proposition that if a prisoner uses the cell tray slots to
22    transfer contraband it poses a risk to the safety and security of the officers and the prison in
23    general, justifying the decision to terminate Plaintiff's work assignment and therefore his access to
24    the cell tray slots as well.  (*See, e.g., Cafferella Decl'n.* ¶ 4.)  If an action furthers a legitimate
25    penological goal then it cannot be considered retaliation.  *Barnett v. Centoni*, 31 F. 3d 813, 816
26    (9th Cir. 1994).

27    _____

28    No. 41.)  Therefore, Plaintiff's only remaining retaliation claim against Defendant Campos involves
what have been referred to in prior orders of the Court as the "tray slot" and "job loss" retaliation
claims discussed herein.  (*See Court's June 30, 2010 Order*, Doc. No. 59.)

1    Furthermore, Defendant Campos' actions did not chill Plaintiff's exercise of his First

2    Amendment rights.  Plaintiff appealed the outcome of the disciplinary proceedings successfully,

3    resulting in the violation being reduced on August 25, 2004 to a counseling chrono.  He also

4    successfully filed this lawsuit, and he demonstrates no further harm as a result.  To the extent

5    Plaintiff argues that the termination of his culinary worker assignment amounts to sufficient harm

6    to support a First Amendment claim, he sidesteps the fact that his termination did not result in the

7    loss of his worker status generally, as well as the fact that Defendant Campos played no role in the

8    decision making process that led to the termination of his assignment and thus his job loss was not

9    a direct result of any action taken by Campos.

10    Plaintiff has not presented evidence establishing a triable issue of material fact suggesting

11    that Defendant Campos issued the Rules Violation Report against Plaintiff as retaliation for

12    Plaintiff filing the sexual misconduct complaint against Officer Young.  As such, Defendant

13    Campos is entitled to summary judgment and dismissal of Plaintiff's claim against him.

14                              b)    Defendant Bentley

15    With respect to Plaintiff's allegation against Defendant Bentley regarding the confiscated

16    CDC 602 appeal, the hearsay conversations of what other inmates told Plaintiff they allegedly

17    observed the officers say or do is not admissible evidence and cannot be considered in this

18    proceeding.  The Court may only consider admissible evidence in ruling on a motion for summary

19    judgment.  *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).

20    Hearsay evidence is not admissible, and consequently, may not be considered on summary

21    judgment.  *See id.* at 773-74, 778. Aside from his allegations and self-serving declaration, the

22    anticipated out of court statements of these other inmates is the only evidence Plaintiff has put

23    forth in opposition to Defendants' motion for summary judgment.  Plaintiff "must establish the

24    existence of a genuine factual dispute on the basis of *admissible* evidence; bare allegations without

25    evidentiary support are insufficient to survive summary judgment."  *Estate of Tucker ex rel.*

26    *Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n. 14 (9th Cir.2008) (emphasis added).

27    Plaintiff has not done so.  Accordingly, his claim against Defendant Bentley cannot survive

28    summary judgment.

06CV1523

1          c)      Defendant Ries

2          Plaintiff claims that Defendant Ries retaliated against him for filing the sexual misconduct

3    complaint against Officer Young by informing other correctional officers of the complaint and

4    Plaintiff's claims against Young.  Plaintiff argues that Defendant Ries betrayed a confidence in

5    doing so.  However, Plaintiff also states that Ries interviewed three other inmates regarding the

6    allegations, the offending inmate was placed in administrative segregation, and an internal affairs

7    investigation was opened.  (*See Plaintiff's Decl'n. in Opposition* ¶ 6.)  During his deposition,

8    Plaintiff admitted that he could only speculate whether Defendant Ries told any other officers

9    about the complaint.  (*See Defendant's Ex. A*, p.19.)  Plaintiff offers no admissible evidence to

10   support his allegations against Defendant Ries, much less an inference of retaliatory motive.

11   Furthermore, Defendants submit evidence that demonstrates Defendant Ries owed no duty of

12   confidentiality to Plaintiff in relation to his complaint against Young since he was not actually the

13   direct victim of the alleged misconduct.

14          d)      Conclusion

15          The Court finds that Defendants have shown that no genuine issue of material fact exists by

16   demonstrating that "there is an absence of evidence" to support Plaintiff's retaliation claims.

17   *Celotex*, 477 U.S. at 325.  Further, when the facts are viewed in the light most favorable to

18   Plaintiff, he has not produced "specific evidence, through affidavits or admissible discovery

19   material" to show that a dispute regarding Defendants' motives exists.  See *Bhan v. NME*

20   *Hospitals, Inc*., 929 F.2d 1404, 1409 (9th Cir. 1991).  Accordingly, Defendants are entitled to

21   summary judgment.

22          *3.      Qualified Immunity*

23          Defendants claim entitlement to qualified immunity.  Qualified immunity protects

24   government officials acting in their official capacities from civil liability unless their conduct

25   violates "clearly established" statutory or constitutional rights of which a "reasonable" official

26   would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In *Saucier v. Katz*, 533 U.S.

27   194, 202 (2001), the Supreme Court imposed a specific analysis for determining whether qualified

28   immunity is warranted.  The court first considers whether the facts alleged, taken in the light most

1  favorable to plaintiff, show that the officer's conduct violated a constitutional right.  533 U.S. at

2  201.  If the court finds no violation occurred, "[t]he inquiry ends," and "the plaintiff cannot

3  prevail."  *Motley v. Parks*, 432 F.3d 1072, 1077 (9th Cir. 2005) (en banc).  If the facts alleged

4  demonstrate a constitutional violation, the court will then consider whether the right in question

5  was "clearly established" such that a reasonable officer would know that "his conduct was

6  unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202.

7       Because the facts taken in the light most favorable to Plaintiff demonstrate Defendants did

8  not violate Plaintiff's constitutional rights, it is unnecessary for the Court to determine

9  Defendants' entitlement to qualified immunity.

10                                    CONCLUSION

11       Based on the foregoing, the Court **GRANTS** Defendants' motion for summary judgment.

12  This order resolves all remaining claims as to all remaining parties.  Accordingly, the Court

13  instructs the Clerk of Court to enter judgment in favor of Defendants and terminate the case.

14       **IT IS SO ORDERED**.

15  DATED:  January 3, 2011

16

17                                    Hon. Michael M. Anello
                                      United States District Judge
18

19

20

21

22

23

24

25

26

27

28